IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY MURPHY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 2:21-cv-805-RAH-JTA |
| STATE OF ALABAMA, et al., | ) ) ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Rodney Murphy ("Murphy"), proceeding *pro se*, commenced this case by filing a complaint on December 6, 2021. (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 4.) On December 22, 2021, Murphy filed a motion requesting this matter be transferred to the United States District Court for the Southern District of Alabama. (Doc. No. 5.)

Upon review of the complaint and motion, the court finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a).[1]

---

[1] Upon initiation of this civil action, Murphy filed an application for leave to proceed *in forma pauperis*. (Doc. No. 2.) However, under the circumstances of this case, the court finds that ruling on the *in forma pauperis* application should be undertaken by the United States District Court for the Southern District of Alabama.

## I. INTRODUCTION

Murphy brings this action alleging violations of his civil rights on July 8, 2021, and names as defendants the following: the State of Alabama, Marengo County District Court Judge Vincent Deas, and the Marengo County Department of Human Resources. (Doc. No. 1.) Murphy alleges he was denied paternity testing, denied discovery in a proceeding, his minor children were seized and held for ransom, and his rights to due process and equal protection were violated. (Doc. No. 1 at ¶ 5.) Murphy also alleges this unlawful conduct occurred at the Marengo County Court. (Doc. No. 1 at ¶ 3.)

## II. DISCUSSION

Venue for civil actions is governed by 28 U.S.C. § 1391(b), which provides that a

> civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a). Such transfers may be made *sua sponte* by the district court. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district).

Here, the acts or occurrences forming the basis of Murphy's Complaint occurred in Marengo County, Alabama, which is located in the Southern District of Alabama. *See* 28 U.S.C. § 81(c)(1). There is no allegation that the events giving rise to Plaintiff's claims occurred in this district. Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in the Middle District of Alabama. Accordingly, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.[2]

### III. CONCLUSION

In light of the foregoing and in accordance with applicable federal law, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion to transfer (Doc. No. 5) be GRANTED.

2. This case be transferred to the United States District Court for the Southern District of Alabama in accordance with the provisions of 28 U.S.C. § 1404(a).

It is further

ORDERED that **on or before January 6, 2022**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

---

[2] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the Complaint.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of December, 2021.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE